REQUESTED BY: Patrick Kelly, Sarpy County Attorney, Papillion, Nebraska
1. When, during the course of the consolidation of two fire districts, the levy for the new fire district is charged only to the property of one of the former fire districts and not to property of the other, can the error be corrected?
2. Is it permissible to tax properties omitted in the first year at a higher rate during the second year than those properties which were properly assessed in the first year?
3. Following the consolidation of two fire districts is it the duty of the new rural fire district to inform the taxing authorities of the county that the consolidation has been completed?
1. If the error in the tax list is a clerical error then Neb.Rev.Stat. § 77-519 provides the procedure for the correction of such error. In the absence of a clerical error the omission can no longer be corrected.
2. No, the Nebraska Constitution Article XIII, Section I, requires that taxes be levied uniformly and proportionally.
3. There is no requirement in the Nebraska Statutes that the rural fire district inform the county that the consolidation has been completed.
In your letter of February 3, 1984, and our subsequent telephone conversation, you requested our opinion on the three questions set forth above.
According to your letter the error in the taxing process occurred because the certified property valuation of the Village of Springfield was not included in the rural fire district certified property valuation by the assessor. Based upon the property valuation given to it by the assessor, the board set a levy for the Springfield rural fire district. This levy would be applicable against all of the property in the Springfield rural fire district. After the county board levied the tax, the assessor continued the error in the creation of the tax list by applying the levy for the Springfield rural fire district only to the property of the former Springfield rural fire district and consequently, failing to apply the levy against the property in the Village of Springfield.
In this situation, the levy for the Springfield rural fire district has been properly made regardless of the fact that it was based on erroneous property valuation. Once made, the levy should have been assessed on the tax list against all of the property in the Springfield rural fire district. Since this was not done by the assessor, a clerical error occurred in the preparation of the tax list. A `clerical error' allows the clerk to correct the tax list prior to the time that the taxes are paid pursuant to 77-519. In this case, new tax statements applying the levy to the village property would only have to be sent to the owners of village property.
We direct your attention to an opinion from this office in the 1951-52 Report of the Attorney General, page 47 wherein it was pointed out that the tax is not paid in full by payment of the first half only and that the tax list could be corrected before the entire tax is paid.
You indicated that utilizing the provisions of § 77-519
was not a desirable option under these circumstances because of the high cost involved in correcting tax statements for the property owners involved. However, the solution proposed of assessing the property owners of the village of Springfield at a higher rate in the subsequent year to compensate for the lack of assessment in the year 1983-84, is not permissible. Article VIII, Section 1, of the Constitution of the State of Nebraska requires that `taxes shall be levied by valuation uniformally and proportionally upon all tangible property.' While increasing assessments in a subsequent year would appear to be a simple solution to the problem it would violate the requirement of uniform assessment.
The procedures for consolidation of fire districts are found in §§ 35-531 through 35-536. Following the determination by the county board that a merger should take place and the fixing of the boundaries of the territory to be merged, the order describing the boundaries is filed in the office of the county clerk. At that time the county clerk fixes a time and place for a public meeting at which a board of directors for the fire district are to be elected. At that time the board of directors assumes the powers provided in § 35-508. There is no indication in the statute that the board of directors is to inform the county taxing authorities that the consolidation and election of the board of directors have been completed.
It should also be noted that when a fire district is originally established pursuant to §§ 35-504 through 35-506
there is no provision that the board of directors notify the county taxing authorities that the election of a board of directors has been completed. This notification, if at all necessary, would take place when the board of directors submits a budget to the county clerk pursuant to § 35-509. The board of directors of a merged district would be under the same requirement to submit the budget to the county clerk. Since the order to the county board approving the merger and the boundaries of the merged fire districts is filed with the county clerk and since the budget determined by the merged fire district is also submitted to the county clerk it would appear that any requirements of notification would be performed by the board of directors at that time. It would then be the duty of the county clerk to insure that the proper county officials were appraised of the new boundaries for taxation purposes.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Timothy E. Divis Assistant Attorney General
APPROVED BY:
PAUL L. DOUGLAS Attorney General
By Patrick T. O'Brien
Deputy Attorney General